IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AFRAH YUSUFZAI | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Case No. 4:12CV669 |
| | § |
| WELLS FARGO BANK, N.A., | § |
| TRUSTEE FOR THE MLMI TRUST | § |
| SERIES 2005-WMC2 and | § |
| JOHN DOES 1-XX, et al. | § |
| | § |
| Defendants. | § |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is "Plaintiff's Reply and Objection to Defendants' Motion for Removal" in which Plaintiff seeks remand of this case to state Court (*see* Dkt. 9). Although *pro se* Plaintiff's grounds for remand are not wholly clear to the Court, it briefly addresses Defendant's removal and the Court's jurisdiction here.

Defendant Wells Fargo Bank, N.A. removed this action to this Court from the 431st District Court of Denton County on October 19, 2012. *See* Dkt. 1. Defendant removed this action based on federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. *Id.*

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-*

1

*Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

According to the record here, Defendant was served with citation in the state court action on September 25, 2012. *See* Dkt. 1-7 at 2. The case was removed within thirty days of that; therefore, removal was timely. The state court docket sheet also does not reflect any substantive activity by Defendant in the state court action such that waiver of the right to remove would be an issue. *See id.*

Thus, the Court looks at the substantive grounds for removal to determine whether the Court has jurisdiction over Plaintiff's claims. Defendant claims diversity jurisdiction as one grounds for removal. Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy between citizens of different states *and* (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is Defendant's burden here to show that this Court has diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

Defendant's notice of removal states that Wells Fargo is a citizen of the State of South Dakota, *see* Dkt. 1 at 3, and it appears undisputed based on the allegations here that Plaintiff is a citizen of Texas. Thus, this case involves a controversy between citizens of different states.

As to the amount in controversy, Plaintiff's state court complaint seeks, among other things to vacate the foreclosure sale of Plaintiff's Property, to award Plaintiff "just compensation" for wrongful foreclosure, civil penalties and restitution. Dkt. 1-3 at 46-47.

When, as here, a petition does not allege a specific amount of damages, the removing defendant must prove by preponderance of that evidence that the amount in controversy exceeds $75,000. *Garcia*, 351 F.3d at 639-40. The removing defendant can satisfy its burden by showing that it is facially apparent from the plaintiff's complaint that the claims are likely above jurisdictional amount, or, if the value of claim is not apparent, by setting forth facts, either in the removal petition or by affidavit, that support a finding of requisite amount. *Id.* at 640; *see also Corley v. Southwestern Bell Tel. Co.*, 924 F. Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992) (noting that a federal district court may make an independent appraisal of the amount in controversy)).

Here, Defendant has alleged that the subject property is currently appraised at $333,693 according to the Denton Central Appraisal District. *See* Dkt. 12 at 4. This alone likely satisfies the amount in controversy requirement. *See, e.g., Martinez v. BAC Home Loans Servs., LP*, 777 F. Supp.2d 1039, 1047-1048 (W.D. Tex. 2010) ("regardless of whether the property at issue has been sold in foreclosure or is still held by the lender, the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property"). Moreover, assuming Plaintiff is arguing that the only relief requested here is the injunctive relief of recision and reinstatement, the pleadings also seek "just compensation" and penalties. Having

considered the value of Plaintiff's Property – in conjunction with the request for other compensation and penalties – the Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy here exceeds $75,000.

The Court also finds federal question jurisdiction here. A defendant may remove to federal district court under federal question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S. Ct. 921, 924, 139 L. Ed.2d 912 (1998). *See* 28 U.S.C. § 1441(a). "The court must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Moore v. Bis Salamis, Inc.*, 748 F. Supp.2d 598, 601 (E.D. Tex. 2010) (internal quotations omitted).

Here, Plaintiff's Complaint for Fraud specifically brings claims under the Real Estate Settlement Procedures Act and Fair Debt Collection Practices Act and even asserts jurisdiction under 28 U.S.C. §1331. Dkt. 1-3 at 45. Even if there were no diversity jurisdiction, sufficient facts are alleged for federal question jurisdiction.

Plaintiff's Construed Motion to Remand (Dkt. 9) should be DENIED.

Finally it is unclear to the Court whether Plaintiff's Complaint for Fraud, filed on September 17, 2012 in state court is intended to replace or supplement Plaintiff's Proposed Temporary Restraining Order, filed as the initial pleading in the state court matter on September 13, 2012, and listed currently on this Court's docket as Plaintiff's live complaint. ***Therefore, on or before February 15, 2013, Plaintiff shall file an amended complaint setting forth all Plaintiff's claims herein in a single document.***

The Court recommends that the motion to remand (Dkt. 9) be DENIED and the case proceed in this Court. Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge that the motion to remand be denied. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE